UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JORDAN N. NICLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:13-CR-67-TAV-DCP |
| | ) | 3:15-CV-110-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 [Doc. 102][1] and a memorandum [Doc. 103] in support thereof. Petitioner alleges that she received ineffective assistance of counsel both with regard to her guilty plea and at sentencing. The Government filed a response [Doc. 109] in opposition to the § 2255 motion, and Petitioner filed a reply [Doc. 110]. For the reasons discussed below, Petitioner's § 2255 motion [Doc. 102] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.　BACKGROUND**

Petitioner Jordan N. Nicley first appeared for arraignment on an Indictment [Doc. 4] on June 12, 2013. United States Magistrate Judge H. Bruce Guyton appointed Assistant Federal Defender Paula R. Voss and the Federal Defenders Services of Eastern Tennessee ("FDS") to represent the Petitioner [Doc. 8].[2] A signed plea agreement [Doc. 21] was filed in

---

[1] All citations to the record are found on the docket in Case No. 3:13-CR-67-TAV-DCP.

[2] Ms. Voss was initially appointed to represent the Petitioner on June 10, 2013, after the Petitioner received a letter stating that she was the target of a grand jury investigation [*See* related case no. 3:13-MJ-2062, Doc. 2]. Judge Guyton confirmed Ms. Voss's continued representation of Petitioner at her June 12, 2013 initial appearance.

the record on July 25, 2013. On September 4, 2013, the Court permitted the substitution of retained counsel, Attorney Joshua D. Hedrick, for Ms. Voss and FDS [Doc. 36].

Also on September 4, 2013, Petitioner entered guilty pleas [Doc. 37] to one count of aiding and abetting armed bank robbery and one count of aiding and abetting the use, carrying, and brandishing of a firearm during and in relation to a crime of violence. The plea agreement contains the following statement of facts:

> On May 31, 2013, at approximately 9:30 a.m., Defendants Kinnear and Batts entered the Sun Trust Bank, located at or near 2075 North Broadway, Knoxville, Tennessee, which is within the Eastern District of Tennessee. Defendants Kinnear and Batts wore construction-style hard hats, orange safety vests over orange t-shirts, and sunglasses, and brandished semi-automatic handguns. They pointed their firearms at the bank employees and threatened them, but they left the bank without obtaining any money. They fled the bank parking lot in a stolen green Ford Ranger pickup truck. They drove a short distance away, left the stolen green Ford Ranger pickup truck, and got into a white Honda CRV driven by Defendant Nicley.
> Later, found inside Defendant Nicley's white Honda CRV was a diagram of the bank and a bank robbery plan, both of which Defendant Nicley wrote. Defendant Nicley admits that she helped plan the bank robbery, that she knew Defendants Kinnear and Batts planned to brandish firearms during the bank robbery, and that she drove the getaway vehicle.
> At the time of the attempted bank robbery on May 31, 2013, the deposits of the Sun Trust Bank, located at or near 2075 North Broadway, Knoxville, Tennessee, were then insured by the Federal Deposit Insurance Corporation.

[Doc. 21 pp. 2–3].

In the Presentence Investigation Report [Doc. 48], the United States Probation Office calculated Petitioner's guideline sentencing range of 46–57 months. However, the Probation Officer observed that "Count Two requires an 84-month term of imprisonment, which shall be

imposed consecutively to any other term of imprisonment, pursuant to 18 U.S.C. § 924(c)(1)(A)(ii), therefore, the effective guideline range is 130 to 141 months" [Doc. 48 p. 10].

On February 20, 2014, the Court sentenced Petitioner to four months of imprisonment on Count One and 84 months of imprisonment on Count Two, to be served consecutively, for a total sentence of 88 months' incarceration. The Court entered a Judgment of conviction on February 26, 2014 [Doc. 71], and Petitioner did not file a direct appeal. On March 12, 2015, Petitioner timely filed the instant motion seeking to vacate her conviction and sentence.

## II. STANDARD OF REVIEW

To obtain relief pursuant to 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He or she "must clear a significantly higher hurdle than would exist on direct appeal," and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

Petitioner presents two claims of ineffective assistance of counsel in her § 2255 motion: (1) that Attorney Voss advised her to cooperate prematurely, which resulted in Petitioner's guilty plea to aiding and abetting the brandishing of a firearm; and (2) that Attorney Hedrick incorrectly advised her as to the length of her potential sentence. In her supporting legal

3

memorandum [Doc. 103], Petitioner raises a third allegation of ineffective assistance of counsel: (3) that Mr. Hedrick never told her that she had the right to bring a direct appeal.

A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*. 466 U.S. 668, 687 (1987); *see also Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id.*, as measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy") (internal citation omitted).

Second, the petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). If a petitioner fails to prove that he or she sustained prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant new trial

where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

Petitioner bears the burden to establish that she is entitled to relief. *See Bevil v. United States*, No. 2:06-CR-52, 2010 WL 3239276, at *3 (E.D. Tenn. Aug. 16, 2010) (recognizing that the "burden of proving ineffective assistance of counsel is on the petitioner"); *see also Douglas v. United States*, No. 2:05-CR-07, 2009 WL 2043882 at *3 (E.D. Tenn. July 2, 2009) (stating that "[w]hen a defendant files a § 2255 motion, he must set forth facts which entitle him to relief"). Guided by these legal principles, the Court turns to the Petitioner's three allegations of ineffective assistance.

### A.  Early Advice to Cooperate

Petitioner argues that Ms. Voss advised her to cooperate with the Federal Bureau of Investigation ("FBI") prematurely, before Ms. Voss investigated the facts of the case or secured a plea agreement in which the Government would not bring a § 924(c) charge. Petitioner alleges that within thirty minutes of Petitioner's first meeting with Ms. Voss in the FDS office, Ms. Voss had her meet with the Government's representative. Petitioner contends that at her first meeting with Ms. Voss, Ms. Voss persuaded her to plead guilty and took her directly to the FBI office. She alleges that the meeting with the FBI occurred before Ms. Voss investigated the facts of the case and without Ms. Voss first "demand[ing]" that the Government forego the § 924(c) charge. Petitioner asserts that because she was not at the scene of the attempted robbery, she could not have brandished a gun or directed her codefendants to do so. She argues that had she known that she would have received an 88-

5

month sentence, she would have proceeded to trial and required the Government to provide proof that she committed the firearm charge.

The Government responds that Petitioner cannot show that if Ms. Voss had but asked, the Government would have agreed to dismiss the § 924(c) count or agreed to a lesser sentence. The Government observes, in the first instance, that the Petitioner has no constitutional right to a plea bargain and that it does not have to agree to any "demands" for a particular agreement. Second, the Government argues that Petitioner's early cooperation yielded a downward departure recommendation from the Government, which paved the way for the Petitioner to receive a three-and-one-half-year sentence reduction on the aiding and abetting an armed robbery count. Moreover, it contends that based upon Petitioner's admissions that she helped plan the robbery and that she knew her codefendants planned to brandish guns during the robbery, Ms. Voss had no legitimate basis to seek the dismissal of the § 924(c) count. Accordingly, the Government argues that Petitioner was not prejudiced by and, in fact, benefitted from Ms. Voss's advice to cooperate early in the case.

"The focus in failure-to-investigate claims . . . is the reasonableness of [counsel's] investigation (or lack thereof)." *English v. Romanowski,* 602 F.3d 714, 726 (6th Cir. 2010). "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland,* 466 U.S. at 691. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690. But "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 691. Ultimately, "[i]n any ineffectiveness

6

case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.*

The Court finds that even assuming for the sake of argument that Attorney Voss advised the Petitioner to cooperate with the Government at the onset of the case, the Petitioner has not shown that this advice was given in the absence of any investigation, nor that she was prejudiced by this advice. First, the Petitioner has failed to show deficient performance. The record belies Petitioner's contention that she was "rushed" into a plea agreement before her counsel had any opportunity to investigate the case. Ms. Voss was initially appointed to represent Petitioner on June 10, 2013, after Petitioner received a letter stating that she was the target of a grand jury investigation [s*ee* related case no. 3:13-MJ-2062, Doc. 2]. Ms. Voss continued to represent Petitioner at her initial appearance on an Indictment on June 12, 2013. The Government was directed to provide discovery to counsel on or before June 19, 2013. In her reply brief, Petitioner acknowledges that Ms. Voss reviewed the discovery from the Government, i.e., "the [G]overnment's case file" [Doc. 110 p. 3], but faults her for not conducting an independent investigation, such as interviewing witnesses. However, Petitioner does not state whom Ms. Voss should have interviewed or how the information from such witnesses would have been beneficial to her. Petitioner also asserts that Ms. Voss should have filed pretrial motions but does not state what motions should have been filed. Petitioner's bare allegations in this regard do not override the deference this Court gives to the judgment of counsel. *See Strickland*, 466 U.S. at 689; *see also Mason,* 320 F.3d at 616 (observing that counsel is presumed to have provided effective assistance and the burden of showing otherwise rests with petitioner).

Although the record does not reflect when Petitioner first met with Ms. Voss at the FDS office, the Court observes that the plea agreement [Doc. 21] was filed on July 25, 2013, which was six weeks after Ms. Voss's appointment and more than a month after the discovery deadline. This timeline does not support the conclusion that Petitioner was rushed into a plea agreement before any investigation could take place. Moreover, a second, identical version of the plea agreement was signed by Petitioner's new counsel and substituted for the initial plea agreement, on September 4, 2013, the day Petitioner changed her plea [*See* Doc. 134 pp. 2–3]. Thus, Petitioner chose to continue with her plea agreement even after retaining new counsel and having a second attorney look at the facts of her case.[3] Petitioner has failed to show that Ms. Voss's investigation of the facts of the case was unreasonable.

Second, Petitioner has failed to show prejudice. Petitioner contends that Ms. Voss's failure to investigate the facts of her case resulted in Ms. Voss's failure to "demand" that the Government dismiss the § 924(c) charge as a part of the plea agreement. The Court agrees with the Government that whether to extend a particular plea offer, or indeed any offer at all, is up to the prosecutor. *See Weatherford v. Bursey*, 429 U.S. 545, 561 (1977) (observing that "there is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial"). Accordingly, Ms. Voss could not have demanded that the Government dismiss the § 924(c) charge, and Petitioner is not prejudiced by her alleged failure to do so.

Finally, Petitioner argues that because Ms. Voss did not adequately investigate the facts of the case, she erroneously advised Petitioner to take the Government's plea offer, rather than

---

[3] At the change of plea hearing, Petitioner acknowledged under oath that Mr. Hedrick was fully aware of the facts on which her charges were based [Doc. 134 p. 5].

attempting to negotiate a better plea deal. She contends that Ms. Voss should have at least asked the Government to dismiss the § 924(c) charge or requested a specific term of imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). In this regard, Petitioner argues that, because she was not at the scene of the attempted robbery, she could not have brandished a gun or directed her codefendants to do so. Moreover, she contends that the Government could not show that she intended for her codefendants to brandish guns.

In order to be liable as an aider and abettor to a codefendant's use of a firearm during a crime of violence, the defendant must actively participate in the crime of violence, while knowing beforehand that the codefendant would use or carry a gun. *Rosemond v. United States*, 134 S. Ct. 1240, 1243, 1249–50 (2014). In *Rosemond*, the Supreme Court observed with approval that "several Courts of Appeals have similarly held . . . that the unarmed driver of a getaway car had the requisite intent to aid and abet armed bank robbery if he 'knew' that his confederates would use weapons in carrying out the crime." *Id.* at 1249 (collecting cases). However, the defendant must have had advance knowledge of his compatriot's plan to carry a firearm, such that the defendant can either "attempt to alter that plan or, if unsuccessful, withdraw from the enterprise." *Id.*

At Petitioner's change of plea hearing, the prosecutor stated, as part of the factual basis supporting the Petitioner's guilty pleas, that "Nicley admits that she helped plan the bank robbery, that she knew Defendants Kinnear and Batts planned to brandish firearms during the bank robbery, and that she drove the getaway vehicle" [Doc. 134 p. 11; *see also* Doc. 21 ¶ 3]. Petitioner then acknowledged under oath that she agreed with the Government's summary of the facts [Doc. 134 p. 11]. The facts stipulated by Petitioner at her change of plea hearing

9

adequately satisfy the legal elements for her conviction of aiding and abetting the brandishing of a firearm. Moreover, the Petitioner's sworn admissions during a plea colloquy are binding. *See Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). Accordingly, the Court finds that the Petitioner has failed to show that she was prejudiced by her attorney's advice to enter into the plea agreement.

In summary, Petitioner has not shown deficient performance on the part of Ms. Voss, because she has not demonstrated that Ms. Voss's investigation of the facts of the case (i.e., the review of the discovery) was unreasonable. Moreover, Petitioner has also failed to show prejudice, because Petitioner is not entitled to any particular plea agreement and because she stipulated to the facts that support her guilty plea to aiding and abetting the brandishing of a firearm. Accordingly, the Court finds Ms. Voss did not provide the ineffective assistance of counsel in advising Petitioner to cooperate and enter into a plea agreement early in the case.

### B. Advice of Potential Sentence

Petitioner also argues that Attorney Joshua Hedrick misinformed her about the length of her potential sentence. She contends that Mr. Hedrick told her that her guideline range was 46–57 months and did not inform her that she faced a total guideline range of 130–141 months because the 84-month sentence for the § 924(c) charge would be "stacked"[4] [Doc. 110 p. 6]. She argues that this misrepresentation prevented her from making an informed choice about whether to enter a guilty plea or to proceed to trial. The Government responds that Petitioner

---

[4] In support of her argument that Mr. Hedrick misinformed her about her sentencing exposure, Petitioner points to her sentencing memorandum, which she states sets out the wrong guideline range. However, Petitioner is simply wrong about this fact. Petitioner's sentencing memorandum [Doc. 64], which was filed under seal on February 6, 2014, states that her total guideline range is 130–141 months.

was correctly advised of her sentencing exposure, including the fact that her sentence for the § 924(c) count would run consecutively to the armed robbery count, in both her plea agreement and during her plea colloquy.

The Court finds that Petitioner was correctly advised of her sentencing exposure in her written plea agreement [Doc. 21 ¶ 1(a)-(b)] and during the plea colloquy [Doc. 134 pp. 9–10, 12–13]. On both occasions, Petitioner was expressly advised that the sentence for Count Two (the firearm charge) must be served consecutively to the sentence for Count One (the bank robbery charge). At the change of plea hearing, Petitioner acknowledged that she understood the potential sentence. She also answered "no" when asked whether "any person . . . promised you or suggested you will receive a lighter sentence or other form of leniency by pleading guilty" [Doc. 134 p. 8]. Finally, Petitioner received ample warning that any sentence predictions made by counsel were estimates and would not support a subsequent effort to withdraw her plea [Doc. 21 ¶ 5(c); *see also* Doc. 134 p. 15 (Petitioner acknowledged that she would not be able to withdraw her guilty plea based upon the sentence she would receive)].

While "no procedural device for the taking of guilty pleas is so perfect in design and exercise as to warrant a per se rule rendering it 'uniformly invulnerable to subsequent challenge,'" . . . "the representations of the [petitioner], his lawyer, and the prosecutor at [the original plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 320 F.3d at 616, 73–74 (1977) (quoting *Fontaine v. United States*, 411 U.S. 213, 215 (1973)). Thus, "[s]olemn declarations in open court carry a strong presumption of verity" and justify

"summary dismissal" of any collateral challenge based on conclusory assertions or contentions incredible on the face of the record. *Id.*

Petitioner has failed to submit evidence sufficient to overcome the presumed veracity of her solemn statements during the change of plea hearing. *Compare Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (finding the defendant was bound by statements he made in response to the court's plea colloquy), *and Ramos*, 170 F.3d at 566 (finding the petitioner bound to plea colloquy responses despite some evidence that contradicted statements made therein), *with Blackledge*, 431 U.S. at 74 (finding summary dismissal inappropriate where the petitioner provided specific detailed terms of the alleged broken promise; when, where, and by whom such promise was made; and the identity of a witness to the conversation). In the instant case, Petitioner cannot demonstrate that the alleged erroneous advice of counsel caused her to plead guilty in the face of her sworn statements at her change of plea hearing that she understood her potential consecutive sentence on the firearm count. Accordingly, Petitioner cannot establish that she incurred prejudice as a result of the alleged deficient assistance.

C. **Advice on Right to a Direct Appeal**

Finally, Petitioner summarily contends that after her sentencing hearing, Mr. Hedrick told her that she could not file a direct appeal because she had waived her right to appeal and that "she had no recourse but to serve her sentence" [Doc. 103 p. 12]. She argues that after providing this information, Mr. Hedrick never told her "that because of his ineffective actions[,] she had the right to file a direct appeal" [*Id.*]. However, Petitioner contends that, after she arrived at prison, she "educated herself in regard to the right to appeal or file a 2255 motion when her counsel was ineffective" [*Id.*]. To the extent that Petitioner intends this to be

an additional basis for her allegations that Mr. Hedrick was ineffective, the Court finds it to be meritless.

The Sixth Circuit has repeatedly made clear that a Petitioner's waiver of the right to appeal her conviction or sentence will be upheld so long as the waiver is knowing, intelligent, and voluntary. *See, e.g., United States v. McGlivery*, 403 F.3d 361, 363 (6th Cir. 2005); *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999). Petitioner expressly waived the right to direct appeal in her plea agreement, except with regard to a sentence imposed above the Guidelines as determined by the district court [Doc. 21 ¶ 10(a)]. Petitioner testified under oath that Mr. Hedrick explained the terms of the plea agreement to her and that she understood that she was giving up her right to file a direct appeal [Doc. 134 pp. 6, 8]. The Court finds Petitioner's waiver of her right to appeal was both knowing and voluntary. *See United States v. Wilson*, 438 F.3d 672, 673 (6th Cir. 2006) (noting defendant may surrender any right in a plea agreement provided that the waiver is made knowingly and voluntarily). Accordingly, Mr. Hedrick correctly advised Petitioner, following her sentencing hearing, that she had waived her right to bring a direct appeal. Petitioner has thus failed to show deficient performance on the part of Mr. Hedrick with regard to this advice.

Moreover, Petitioner has also failed to show any prejudice from this alleged advice. She has raised her argument that she received the ineffective assistance of counsel from Mr. Hedrick in the instant motion pursuant to § 2255. The Court finds this ground to be devoid of merit.

## IV. CONCLUSION

Petitioner is not entitled to relief under § 2255, and her motion to vacate, set aside, or correct her sentence [Doc. 102] will be **DENIED**. This action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, the Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

AN APPROPRIATE ORDER WILL ENTER.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE